UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

PATRICK JAMAINE NUNN,

    Petitioner,

vs.

M. S. EVANS, Warden,

    Respondent.
_____/

No. C 08-5284 PJH (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; GRANTING IN PART AND DENYING IN PART CERTIFICATE OF APPEALABILITY**

This is a habeas corpus case filed pro se by a state prisoner pursuant to 28 U.S.C. § 2254.  The court ordered respondent to show cause why the writ should not be granted.  Respondent has filed an answer and a memorandum of points and authorities in support of it, and has lodged exhibits with the court.  Petitioner has filed an "Objection to Respondent's Answer to Petitioner['s] Writ of Habeas Corpus," which will be treated as a traverse.  For the reasons set out below, the petition is denied.

### BACKGROUND

Petitioner was convicted by a San Mateo County jury of thirteen counts of lewd and lascivious acts.  *See* Cal. Pen. Code § 288(a).  He unsuccessfully appealed his conviction to the California Court of Appeal, and the Supreme Court of California denied review.  His state habeas petitions also were denied.

The following facts are excerpted from the opinion of the California Court of Appeal:

> In April 2000, the 29-year-old [petitioner] moved into the Redwood City house where the 11-year-old victim resided with her family.  [Petitioner]'s wife, Vika Sinipata, and their two young children also lived there.  The victim babysat for the two children both before and after [petitioner] moved into the house.  [Petitioner] first touched the victim inappropriately in April 2000 when she entered his bedroom to retrieve diapers for his son.  Thereafter, [petitioner]'s sexual assaults of the victim occurred more frequently, first weekly, then more than once a week, then once or twice a day.  Although the

assaults usually involved sexual intercourse, on a couple of occasions [petitioner] orally copulated the victim, anally penetrated her, and had her orally copulate him . . . .

Testifying in his own defense, [petitioner] admitted a 1993 conviction for domestic violence, a 1994 conviction for three counts of robbery and a 1999 conviction for resisting arrest. He denied ever sexually assaulting the victim or being with her behind closed doors. [Petitioner] believed that the victim lied about having a sexual relationship with him because she wanted him "out of the picture" so she could resume the relationship she once had with Sinipata and Sinipata's and [petitioner]'s children.

Ex. A at 1-2.[1]

## STANDARD OF REVIEW

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falling under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The

---

[1] Citations to "Ex." are to the record lodged with the court by the Attorney General.

2

federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *Id.* at 409.

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. 322, 340 (2003). "Review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011).

"When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary. *Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011). When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir. 2000).

**DISCUSSION**

The court dismissed two of petitioner's issues in its initial review order. The remaining issues are petitioner's contentions that: (1) his Sixth Amendment rights were violated by the trial court's imposition of consecutive sentences based on facts not tried to a jury; (2) his Sixth and Fourteenth Amendment rights were violated when the sentencing court failed to grant his motion to strike one or more of his prior convictions; (3) the sentence of two hundred and forty years to life was cruel and unusual; (4) his counsel was ineffective in not objecting to the sentence; and (5) his due process rights were violated by the trial court's failure to give an instruction sua sponte that his admissions were to be viewed with caution.

///

### 1. Consecutive Sentences

Petitioner's first claim is that the imposition of consecutive sentences violated his Sixth Amendment rights. His argument was rejected by the United States Supreme Court in *Oregon v. Ice*, 555 U.S. 160, 167-172 (2009). The claim is without merit.

### 2. Failure to Strike

Petitioner contends that his "6th and 14th Amendment right[s] were violated when [the] Trial Court failed to exercise its discretion and strike one or more of defendant[']s three strikes p[]rior[s]. (Romero)." Pet. at 6. He provides no more explanation of the claim than that.

Federal habeas relief can be granted only for violations of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). Habeas relief does not lie for errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Jammal v. Van de Kamp*, 926 F.2d 918, 919 (9th Cir. 1991); *Jackson v. Ylst*, 921 F.2d 882, 885 (9th Cir. 1990). Absent fundamental unfairness, federal habeas relief is not available for a state court's misapplication of its own sentencing laws. *See Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994) (holding petitioner not entitled to habeas relief on claim state court improperly used petitioner's prior federal offense to enhance punishment).

Petitioner contends that the sentencing court abused its discretion in not granting his motion to strike, quintessentially a state-law claim. His attempt to make it into a federal claim by a bare reference to the Sixth and Fourteenth Amendments is insufficient to do so. *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process."). Furthermore, the court is unable to discern any federal issue in the facts underlying this claim – that the trial court denied a motion to strike a prior conviction, a procedure entirely the creature of state law. This claim is without merit.

### 3. Cruel and Unusual Punishment

Petitioner contends that his sentence of 240 years to life was so disproportionate to his offense as to violate the Eighth Amendment. *See Graham v. Florida*, 130 S. Ct. 2011,

4

1  2021 (2010) (Eighth Amendment contains a "narrow" proportionality principle that forbids
2  only "extreme sentences that are 'grossly disproportionate' to the crime.").

3  The jury found petitioner guilty of thirteen counts of lewd and lascivious conduct. Ex.
4  A at 1.  Additionally, the court found that petitioner had three prior strike convictions, for
5  domestic violence, robbery, and resisting arrest.  *Id.* at 5; *see* Cal. Pen. Code § 667(b)-(I).
6  Each of the thirteen counts on which petitioner was convicted carried a sentence of twenty-
7  five years to life.

8  The court of appeal rejected petitioner's federal and state claims, holding that
9  petitioner's sentence was neither disproportionate under the California Constitution nor
10 grossly disproportionate within the meaning of the Eighth Amendment.  Ex. A at 4-6.
11 Petitioner maintains that his sentence is cruel and unusual because, "[a]t 31 years old,
12 [petitioner] cannot possibly hope to complete even a quarter of his 240-year to life
13 sentence."  Pet. at 19.

14 **a.    Procedural Default**

15 The court of appeal held that petitioner's Eighth Amendment claim was barred
16 because he failed to object at trial.  Ex. A at 4. The court also rejected the claim on the
17 merits.  *Id.* at 4-6.  Respondent contends that petitioner's failure to contemporaneously
18 object procedurally defaulted this claim.  Resp. P & A at 14.

19 The Ninth Circuit has recognized and applied the California contemporaneous
20 objection rule in affirming denial of a federal petition on grounds of procedural default
21 where counsel failed to object at trial.  *Inthavong v. Lamarque*, 420 F.3d 1055, 1058 (9th
22 Cir. 2005) (holding petitioner barred from challenging admission of evidence for failure to
23 object at trial); *Paulino v. Castro*, 371 F.3d 1083, 1092–93 (9th Cir. 2004) (holding
24 petitioner barred from challenging jury instruction for failure to object at trial); *Vansickel v.*
25 *White*, 166 F.3d 953, 957–58 (9th Cir. 1999) (holding petitioner barred from challenging
26 denial of peremptory challenges for failure to contemporaneously object).  Respondent,
27 therefore, is correct that this claim is procedurally defaulted, and because petitioner has not
28 shown cause and prejudice or a miscarriage of justice, *see Coleman v. Thompson*, 501

United States District Court
For the Northern District of California

U.S. 722, 750 (1991), it is barred.

### b. Merits

Alternatively, the court will consider the merits of the claim.

The Eighth Amendment, which proscribes cruel and unusual punishments, contains a narrow proportionality principle that applies to noncapital sentences. *See Ewing v. California*, 538 U.S. 11, 20 (2003). In noncapital cases, only extreme sentences that are "grossly disproportionate" to the crime are forbidden. *See id.* at 23. Thus, successful challenges to the proportionality of particular sentences are exceedingly rare. *See Rummel v. Estelle*, 445 U.S. 263, 272 (1980). Reviewing courts "should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals." *Solem v. Helm*, 463 U.S. 277, 290 (1983).

The proportionality principle presents the following threshold question: whether petitioner's sentence is one of the rare cases in which a comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality. *See Norris v. Morgan*, 622 F.3d 1276, 1286-87 (9th Cir. 2010). Where it cannot be said, as a threshold matter, that the crime committed and the sentence imposed are grossly disproportionate, it is not appropriate to engage in a comparative analysis of the sentence received by the defendant to those received by other defendants for other crimes. *United States v. Harris*, 154 F.3d 1082, 1084 (9th Cir. 1998).

A habeas court "assessing the compliance of a non-capital sentence with the proportionality principle" considers objective factors, such as "the severity of the penalty imposed and the gravity of the offense." *Taylor v. Lewis*, 460 F.3d 1093, 1098 (9th Cir. 2006). Additionally, a habeas court must consider the petitioner's criminal history when assessing the proportionality of a sentence. *Ewing*, 538 U.S. at 29 ("[W]e must place on the scales not only [petitioner's] current felony, but also his long history of felony recidivism.").

Beginning with the severity of the penalty imposed, petitioner was sentenced to an

6

aggregate term of 240 years to life, essentially a sentence of life without the possibility of parole. As for the gravity of the offense, petitioner was convicted of thirteen counts of lewd and lascivious conduct. Specifically, petitioner, on several occasions, penetrated the vagina, mouth, and anus of the victim, an eleven-year-old female, over a two and a half month period while living in the same home as the victim. Finally, review of petitioner's criminal history shows that petitioner has been convicted of several other felony offenses, including domestic violence, robbery, and resisting arrest. Petitioner also had a domestic violence charge pending while being tried for the present offenses. Although petitioner's prior convictions are not of the same ilk as the conviction he is challenging here, petitioner's past crimes signal a disposition to violence. Ex. G (probation report) at 3.

When comparing the three objective factors as they apply to petitioner's case to sentences which have been upheld by the Supreme Court, *see e.g.*, *Ewing*, 538 U.S. at 29-31 (upholding sentence of 25-years-to-life for recidivist convicted most recently of grand theft); *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003) (upholding sentence of two consecutive terms of 25-years-to-life for recidivist convicted most recently of two counts of petty theft with a prior conviction); *Harmelin v. Michigan*, 501 U.S. 957, 996 (1991) (upholding sentence of life without possibility of parole for first offense of possession of 672 grams of cocaine), petitioner's sentence is not grossly disproportionate to the crimes he committed. The state court's rejection of petitioner's argument was not contrary to, or an unreasonable application of, clearly established Supreme Court authority.

### 4. Ineffective Assistance of Counsel

Petitioner argues that defense counsel was ineffective because he failed to raise the Eighth Amendment claim addressed above. Because the Eighth Amendment claim itself is without merit for the reasons discussed above, counsel's failure to argue it was not ineffective assistance. *See Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005) (trial counsel cannot have been ineffective for failing to raise a meritless motion); *Wilson v. Henry*, 185 F.3d 986, 990 (9th Cir. 1999) (defendant cannot have been prejudiced by counsel's failure to make meritless motion). Because there was no Sixth Amendment

7

violation, the rejections of this claim by the state courts could not have been contrary to, or unreasonable applications of, clearly established Supreme Court authority.

### 5.     Jury Instructions

Petitioner's final claim is that his due process rights were violated when the trial court failed to give sua sponte CALJIC 2.71, which tells the jury to view evidence of out-of-court oral admissions by a defendant with caution.  In her testimony at trial the victim recited many statements petitioner made before, during, or after sexual intercourse with her.  *See e.g.*, Ex. F6 (reporter's trial transcript) at 353, 354, 365, 368, 371-72, 378, 388, 391, 399.

This claim was raised on direct review.  The court of appeal said this about it:

> Defendant contends the court erred in failing to instruct the jury sua sponte that his admissions should be viewed with caution pursuant to CALJIC No. 2.71.² The instruction was originally requested by the prosecution and later withdrawn. Defendant argues that the instruction was warranted based on testimony by the victim that defendant told her he loved her, cared about her and did not care about Sinipata, and that the victim should swear she would never tell anyone about anything that happened between them.
>
> An instruction to view an admission with caution must be given sua sponte where evidence of an oral admission by the defendant has been presented. (*People v. Stankewitz* (1990) 51 Cal. 3d 72, 94; *People v. Franco* (1994) 24 Cal. App. 4th 1528, 1541.) An admission requiring a cautionary instruction "is a statement by a defendant, which does not acknowledge his guilt by itself but which tends to prove guilt when considered with the rest of the evidence." (*People v. Johnson* (1989) 47 Cal. 3d 1194, 1244; *accord*, *People v. Brackett* (1991) 229 Cal. App. 3d 13, 19-20.) The purpose of the cautionary instruction is to assist the jury in determining if the statement was in fact made.  This purpose applies to statements made by the defendant before, during and after the crime. (*People v. Carpenter* (1997) 15 Cal. 4th 312, 393).
>
> We conclude the court's failure to instruct the jury with CALJIC No. 2.71 was error, but the error was harmless. Failure to give the cautionary instruction on admissions " 'does not constitute reversible error if upon a reweighing of the evidence it does not appear reasonably probable that a result more favorable to defendant would have been reached in the absence

---

² CALJIC No. 2.71 (6th ed.1996) provides: "An admission is a statement made by [the] defendant which does not by itself acknowledge [his] guilt of the crime[s] for which the defendant is on trial, but which statement tends to prove [his] guilt when considered with the rest of the evidence.  [¶]  You are the exclusive judges as to whether the defendant made an admission, and if so, whether that statement is true in whole or in part.  [¶]  [Evidence of an oral admission of [the] defendant not made in court . . . should be viewed with caution.]" [footnote renumbered]

8

> of the error.' " (*People v. Bunyard* (1988) 45 Cal. 3d 1189, 1224, quoting *People v. Beagle* (1972) 6 Cal. 3d 441, 455.)
>
> The victim's testimony regarding defendant's admissions was uncontradicted. There was no evidence that the statements were not made, were fabricated, or were inaccurately remembered or reported. (*People v. Stankewitz*, *supra*, 51 Cal. 3d at p. 94.) In addition, the trial court fully instructed the jury on evaluating the credibility of witnesses, providing guidance on how to assess witness testimony.[3] The jury is presumed to have followed these instructions. (*People v. Yoder* (1979) 100 Cal. App. 3d 333, 338.) Consequently, there is no reasonable probability the error was prejudicial.

Ex. A at 3.

The court of appeal provided a reasoned ruling on only the state law issue. This court's review therefore is de novo. *See Williams v. Cavazos*, 646 F.3d 626, 637-39 (9th Cir. 2011) (conducting *de novo* review after concluding Sixth Amendment constitutional claim was squarely raised on direct appeal but not addressed by the state court which gave a lengthy, reasoned opinion denying the appeal based on state statute).

A state trial court's refusal to give an instruction does not alone raise a ground cognizable in a federal habeas corpus proceedings. *See Dunckhurst v. Deeds*, 859 F.2d 110, 114 (9th Cir. 1988). The error must so infect the trial that the defendant was deprived of the fair trial guaranteed by the Fourteenth Amendment. *Cupp v. Naughten*, 414 U.S. 141, 146 (1973). In making its determination, this court must evaluate the challenged jury instructions "in the context of the overall charge to the jury as a component of the entire trial process." *Prantil v. California*, 843 F.2d 314, 317 (1988) (internal quotations and citation omitted). The significance of the omission of such an instruction may be evaluated by comparison with the instructions that were given. *Murtishaw v. Woodford*, 255 F.3d 926, 971 (9th Cir. 2001) (quoting *Henderson v. Kibbe*, 431 U.S. 145, 156 (1977).

///

---

[3] The jury was instructed on the believability of a witness (CALJIC No. 2.20), discrepancies in testimony (CALJIC No. 2.21.2), witness testimony false in one material part (CALJIC No. 2.21.2), weighing conflicting testimony (CALJIC No. 2.22), prior consistent or inconsistent statements (CALJIC No. 2.13), and the sufficiency of testimony of a single witness (CALJIC No. 2.27). [footnote renumbered]

9

The omission of an instruction is less likely to be prejudicial than a misstatement of the law.  *See Walker v. Endell*, 850 F.2d 470, 475-76 (9th Cir. 1987).  The burden on the habeas petitioner is "'especially heavy'" where, as here, the alleged error involves the failure to give an instruction.  *Hendricks v. Vasquez*, 974 F.2d 1099, 1106 (9th Cir. 1992) (as amended) (quoting *Henderson*, 431 U.S. at 155).

When the jury instructions are taken as a whole, petitioner's argument is unpersuasive.  The trial court judge provided several instructions as to how the jurors should weigh evidence presented at trial.  The instructions included the following: (1) how to assess the credibility of witnesses, CALJIC No. 2.20; (2) how to weigh conflicting testimony, CALJIC No. 2.22; (3) how to view prior consistent or inconsistent statements, CALJIC No. 2.13; (4) how to view discrepancies in testimony, CALJIC No. 2.21.2; and (5) the sufficiency of testimony of a single witness, CALJIC No. 2.27.  Ex. F4 (reporter's trial transcript) at 128-132.  The combined effect of these instructions was to inform the jury as to how witnesses' credibility and the credibility of witnesses' testimony should be evaluated.  The court presumes that the jury followed its instructions.  *See United States v. Padilla*, 633 F.3d 1177, 1181 (9th Cir. 2011).

The jury instructions listed above told the jury how to properly weigh the credibility of the victim's, and others', entire testimony, regardless of whether it concerned petitioner's admissions or not, before accepting the testimony as true.  These general instructions necessarily applied to the victim's testimony regarding petitioner's admissions.  The combined instructions were sufficient to ensure that *all* evidence was properly evaluated by the jury prior to reaching a decision.  Thus, the instructions as a whole accomplished what CALJIC No. 2.71 explicitly demanded — that "[e]vidence of an oral admission of the defendant . . . not made in court should be viewed with caution."  CALJIC No. 2.71.  It thus cannot be said that omission of CALJIC No. 2.71 deprived petitioner of the fair trial guaranteed by the Fourteenth Amendment.

Therefore, the state courts' rejections of this claim were not contrary to, or unreasonable applications of, clearly-established United States Supreme Court authority.

10

**CERTIFICATE OF APPEALABILITY**

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability in the ruling. Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective December 1, 2009).

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability (COA). 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate must indicate which issues satisfy this standard. *Id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

A certificate of appealability will be granted on the last issue, whether the trial court's failure to give CALJIC No. 2.71 was a violation of petitioner's due process rights. Petitioner is advised that despite the grant of a COA, if he wishes to appeal he must file a notice of appeal within thirty days of the date the judgment is entered. *See* Rule 11(b), Rules Governing § 2254 Cases.

**CONCLUSION**

The petition for a writ of habeas corpus is **DENIED**. A certificate of appealability is **GRANTED** for petitioner's due process claim regarding the jury instructions. A certificate of appealability is **DENIED** for all other claims in this petition. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October 17, 2011.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.08\NUNN5284.RUL.wpd